IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HENRY GIBBS, JR.**                                                                   **PETITIONER**

**v.**                                                  **No. 4:18CV183-MPM-DAS**

**WARDEN LADNER**
**JIM HOOD, ET AL.**                                                      **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Henry Gibb, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Gibbs has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

**Facts and Procedural Posture**

On April 29, 2015, Henry Gibbs, Jr. pled guilty to armed robbery. *See* Exhibit A[1] (Petition to Enter a Guilty Plea, Washington County Circuit Court, Cause No. 2010-0016).[2] On the same day, the trial court entered its Sentencing Order, which was filed on May 5, 2015, and sentenced Gibbs "to serve a term of thirteen (13) years, such time shall be served as eight years in the custody of the Mississippi Department of Corrections, followed by five years Post-Release

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

[2] Gibbs was indicted for armed robbery (Count I) and car theft (Count II) on March 10, 2010; however, on April 29, 2015, the State filed a Motion for Nolle Prosequi Count II as part of the plea bargain, requesting that the court dismiss Count II (car theft), and the court granted the motion by Order dated April 30, 2015. *See* Exhibit B.

Supervision[.]" Exhibit C (Sentencing Order and guilty plea transcript, Washington County Circuit Court, Cause No. 2010-0016).

Mr. Gibbs attempted to appeal his guilty plea on May 22, 2015; however, on August 18, 2015, the Mississippi Court of Appeals dismissed the appeal for want of jurisdiction, noting that "challenges to guilty pleas must be made through motions for post-conviction relief in the trial court." *See* Exhibit D (citing Miss. Code Ann. § 99-35-101). Mr. Gibbs then filed a petition for a writ of *habeas corpus* in this court on September 21, 2015, which was dismissed on April 4, 2016, for failure to exhaust his state court remedies. *See* Exhibit E (Docket and Order of Dismissal, No. 4:15-cv-00131-DMB-DAS (N.D. Miss, April 4, 2016)).

Gibbs then filed a Motion for Post-Conviction Collateral Relief (the PCR motion) in the Circuit Court of Washington County, Mississippi, which he signed on May 10, 2016, and the court stamped "filed" on May 12, 2016.[3] *See* Exhibit F. The Circuit Court of Washington County, Mississippi denied Mr. Gibbs' PCR motion on December 1, 2016, finding that he "failed to state a valid claim for relief pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act." Exhibit G. Gibbs appealed, and the Mississippi Court of Appeals affirmed the denial of his PCR motion, finding that "[n]one of Gibbs's claims are grounds for relief under Miss. Code Ann. § 99-39-5." Exhibit H (*Gibbs v. State*, 248 So. 3d 874 (Miss. Ct. App. 2018), *reh'g denied* April 24, 2018, *cert. denied* July 19, 2018).

## One-Year Limitations Period

---

[3] A review of Gibbs's legal mail log, as provided MDOC officials, shows that Gibbs submitted a "PC" to the Inmate Legal Assistance Program (ILAP) to be mailed to the Washington County Circuit Court on May 10, 2016. As stated above, Gibbs's PCR motion was also dated May 10, 2016.

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. As such, Mr. Gibbs' judgment became final on May 5, 2015, the date on which the circuit court's order was filed sentencing him on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Hence, the deadline for Mr. Gibbs to seek federal *habeas corpus* relief became May 5, 2016 (May 5, 2016 + 1 year). Mr. Gibbs' attempted direct appeal was not "properly filed," as appeals of guilty pleas are not permitted under Mississippi law, and the Mississippi Supreme Court could not exercise subject matter jurisdiction over the matter. Mr. Gibbs did not file a proper application for state post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before May 5,

2016, to toll the period of limitation;[4] hence, the deadline for seeking federal *habeas corpus* relief remained May 5, 2016. *See Flanagan v. Johnson*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

### Equitable Tolling Is Not Applicable in This Case

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

---

[4] Mr. Gibbs' state application for post-conviction collateral relief was submitted to prison personnel for mailing May 10, 2016 (and dated that day) – 5 days after the one-year limitations period expired on May 5, 2016.

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998). Mr. Gibbs has not provided any reason to support equitable tolling in the instant case.

The Mississippi Court of Appeals Order, dated August 18, 2015, dismissed Mr. Gibbs' appeal of his guilty plea for want of subject matter jurisdiction, stating that "challenges to guilty pleas must be made through motions for post-conviction relief in the trial court." *See* Exhibit D. At that time, Mr. Gibbs still had over eight months (until May 5, 2016), during which a "properly filed" application filed could have tolled the statute of limitations under 28 U.S.C. § 2244(d). Instead, Mr. Gibbs filed a Petition for Writ of *Habeas Corpus* in this court on September 21, 2015, which was dismissed on April 4, 2016, for failure to exhaust his state court remedies. *See* Exhibit E. However, even a properly filed federal *habeas corpus* petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). In dismissing the petition, the court urged Mr. Gibbs to act with diligence to exhaust his state court remedies. *See* Exhibit E. Thus, despite warnings

from both state and federal courts, Mr. Gibbs chose to prematurely pursue federal *habeas corpus* relief – a course of action that does not toll the federal *habeas corpus* limitations period.

The Fifth Circuit has rigorously enforced the one-year AEDPA period of limitation, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.

*Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002). With such clear guidance, this court must also apply the limitations period strictly.

## The Instant Petition Was Untimely Filed

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 2, 2018, and the date it was received and stamped as "filed" in the district court on August 7, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over two years after the May 6, 2016, filing deadline. As discussed above, he does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary

hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of March, 2019.

                                          **/s/ MICHAEL P. MILLS**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**